# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00962-JLK

ELBRAM STONE, LLC,

      Plaintiff,

v.

UNITED STATES FOREST SERVICE;
DAVID FRANCOMB, Acting District Ranger, Aspen-Sopris Ranger District, White River
National Forest;
SCOTT FITZWILLIAMS, Forest Supervisor, White River National Forest; and
DANIEL JIRON, Regional Forester, Rocky Mountain Region, U.S. Forest Service,

      Defendants.

---

### ORDER GRANTING DOC. 14, DEFENDANTS' MOTION TO DISMISS

---

Kane, J.

Before me is Defendants' Motion to Dismiss, Doc. 14. Because I lack jurisdiction over this matter, I GRANT Defendants' Motion.[1]

## INTRODUCTION

In its amended complaint, Elbram Stone, LLC. ("Elbram") sues the U.S. Department of Agriculture ("USDA"), Forest Service ("Forest Service"), and three Forest Service officials who administer, in different ways, portions or all of the White River National Forest.[2] Doc. 11 ¶¶ 6-9. The nub of the amended complaint challenges the Forest Service's decision not to approve, as submitted, Elbram's 2010 amended plan of operations for 10 unpatented mining claims.

---

[1] Defendants also argue that this case must be dismissed because Elbram has not exhausted its administrative remedies. Doc. 14. Although I agree that Elbram has not exhausted his administrative remedies, I also acknowledge that the Tenth Circuit has hinted that the statutory exhaustion requirement may have exceptions. *See Forest Guardians v. U.S. Forest Service*, 641 F.3d 423, 432 (10th Cir. 2011). Reluctant to opine as to whether Elbram's circumstances are exceptional and thereby give shape to an as yet nebulous legal carveout, I refrain from discussing the exhaustion argument. It is unnecessary to the resolution of the pending motion.

[2] Defendants will be referred to collectively as the "Forest Service."

Elbram's challenge falls under the Administrative Procedure Act ("APA"), which grants jurisdiction to a court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The Supreme Court however, has held that "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004).

Elbram asserts three claims for relief against Defendants. First, Elbram contends that the Forest Service 2013 decision notice "unlawfully withheld" approval of its allegedly "reasonable" plan of operations for Elbram's mine in violation of the mining laws of the United States and of the Surface Use Act. Doc. 11 ¶¶ 73-81. Second, Elbram claims that the Forest Service has "endangered and materially interfered with [its] ability to mine by subjecting [it] to an indefinite review process" in violation of the mining laws of the United States and of the Surface Use Act. *Id.* ¶ 85. Third, Elbram alleges that the Forest Service "unreasonably delayed" approval of the 2010 plan of operations in violation of the APA and other federal laws. *Id.* ¶ 96. Elbram seeks declaratory and injunctive relief to remedy these alleged violations. For the reasons discussed below, I find I lack jurisdiction and therefore must deny without prejudice all claims.

FACTUAL BACKGROUND

Elbram is a Colorado limited liability company that is a lessee to 10 unpatented mining claims owned by Robert Congdon and located in the White River National Forest in Pitkin County, Colorado. Doc. 11 ¶¶ 4-5, 47. In 1992, the Forest Service approved a plan of operations ("POO") to mine the 10 mining claims. *Id.* ¶¶ 29-34. The 1992 plan of operations allowed Robert Congdon to mine alabaster from May 1 through November 15, annually, for 20 years. *Id.* ¶¶ 31-32, 34. Throughout the years, the Forest Service granted several amendments to the 1992 plan of operations. *Id.* ¶¶ 36-37.

On January 21, 2010, Elbram submitted a Proposed POO to the Forest Service, requesting authorization to conduct year-round mining operations. *Id*. ¶49.  On April 8, 2011, Elbram amended its 2010 POO to include several modifications, such as that Elbram would not permit on-site winter camping by mine staff/operators and that outdoor surface activity would be limited to loading and removing product from the mine.  Doc.8-1, Plan of Operations for White Banks Claims. In September of 2011 the Forest Service issued an Environmental Assessment ("EA") regarding the 2010 proposed POO, as amended ("2011 EA"). The 2011 EA examined three alternatives:

> a. A no-action alternative, which would not allow mining operations;
>
> b. Elbram's 2010 proposed POO, as amended; and
>
> c. A plan of operations similar to the 1992 plan of operations, as amended, with no winter operations.

Doc. 11 ¶ 54.   On March 2, 2012, then-District Ranger Snelson issued a Decision Notice and a Finding of No Significant Impact on the 2010 proposed POO, as amended ("2012 Decision Notice"). *Id*. ¶ 55. The 2012 Decision Notice selected Alternative 3 with modifications, which allowed the construction of the new road route, but also prohibited winter operations. *Id.* ¶ 55.  Upon Elbram's appeal, the forest supervisor vacated the decision notice in August 2012 and remanded to the District Ranger for a new decision. *Id*. ¶¶ 59, 60.

On April 3, 2013, after further administrative requests and discussion, Forest Supervisor Fitzwilliams and Acting-District Ranger Francomb provided Elbram with a draft decision notice regarding Elbram's 2010 proposed POO, as amended ("2013 draft decision notice"). *Id.* ¶ 65. The 2013 draft decision notice was based on the 2011 EA and would not approve Elbram's 2010 proposed POO, as amended. *Id.* ¶ 66.  Although the 2013 draft decision approved parts of the

2010 proposed POO, as amended, it significantly curbed what surface activity would be permitted during wintertime. *Id.* Frustrated with the 2013 draft decision notice's adverse implications for Elbram's ability to conduct practical winter operations, Elbram filed this action on April 15, 2013, alleging that the Forest Service had unreasonably delayed and unlawfully withheld approval of Elbram's 2010 proposed POO, as amended. Doc. 1.

On May 23, 2013, after being served with the Complaint, Acting-DistrictRanger Francomb issued the 2013 decision notice on Elbram's 2010 proposed POO, as amended. Doc. 11-1. Although the 2013 decision Notice allowed for a trial winter period of operations and expanded from the 2013 draft decision what surface activity would be permitted during the trial, Elbram found unsatisfactory the condition that he submit an additional reclamation plan and bond. Doc. 20 at p. 12. Given its grievances with this and other conditions, and in light of the 2013 Decision Notice having been issued after it filed its original complaint, Elbram filed an amended complaint on July 10, 2013; the claims alleged in the amended complaint are as set forth above.

LEGAL STANDARD

"Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). One form may consist of a facial attack on the complaint's allegations as to subject matter jurisdiction, which questions the sufficiency of the complaint. *Id.* Another form "may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Id.*

Because the Forest Service is challenging the facts upon which subject matter jurisdiction depends, "a district court may not presume the truthfulness of the complaint's factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and a limited evidentiary

hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* Thus,I may consider the

2013 decision notice itself and other evidence relating to the Forest Service's administration of

Elbram's operations. *Id.* (citations omitted).

DISCUSSION

I lack jurisdiction to review the 2013 decision notice because it is not a final agency

action.  Because Elbram has two additional layers of administrative appeals, the 2013 decision

notice is interlocutory and may undergo changes.

Generally, the APA authorizes judicial review of "agency action" by a "person suffering

legal wrong because of agency action, or adversely affected or aggrieved by agency action

within the meaning of a relevant statute…." 5 U.S.C. § 702. "Where no other statute provides a

private right of action, the 'agency action' complained of must be 'final agency action.'" S. Utah

Wilderness Alliance, 542 U.S. at 61-62 (quoting 5 U.S.C. § 704). "A preliminary, procedural, or

intermediate agency action or ruling not directly reviewable is subject to review on the review of

the final agency action." 5 U.S.C. § 704. The plaintiff bears the burden to establish that it has

met the statutory standing requirements under the APA. *Colo. Farm Bureau Fed'n v. U.S. Forest

Serv.,* 220 F.3d 1171, 1173 (10th Cir. 2000).  This is a jurisdictional requirement, which may be

raised at any time. *Chem. Weapons Working Group, Inc. v. U.S. Dep't of the Army*, 111 F.3d

1485, 1494 (10th Cir. 1997).

Elbram alleges that the APA constitutes the statutory vehicle that provides me with

jurisdiction to conduct judicial review of the Forest Service's final agency action. Doc. 11 ¶¶ 25-

28. Accordingly, for me to have jurisdiction, the Forest Service's action must be a final agency

action. 5 U.S.C. § 704.  To determine whether the agency action is "final," two conditions must

be met. "First, the action must mark the 'consummation' of the agency's decisionmaking

process, ... it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Pennaco Energy, Inc. v. U.S. Dep't of Interior,* 377 F.3d 1147, 1155 (10th Cir. 2004) (quoting *Bennett v. Spear*, 520 U.S. 154, 178 (1997)).

Here, Elbram cannot show that the 2013 decision notice constitutes a final agency action. The 2013 decision notice is interlocutory because Elbram has two potential layers of appeal within the Forest Service; because a Forest Service district ranger issued the 2013 decision notice, Elbram may appeal the decision, first, to the forest supervisor — which it has done — and then to the regional forester. 36 C.F.R. § 251.87(c)(1) and (c)(2).  Forest Service regulations provide that, in this context, the regional forester is the official whose decision "constitutes the final administrative determination of the [USDA] on the appeal …." 36 C.F.R. § 251.87(e)(3). The regional forester did not make the 2013 decision notice; this official will do so only after considering the multiple administrative appeals filed with the Forest Service. Given this reason, the 2013 decision notice is not one "from which legal consequences will flow." *Pennaco*, 377 F.3d at 1155. Indeed, the Forest Service officials reviewing Elbram's appeal of the 2013 decision notice are capable of granting Elbram the very same relief it seeks in this action.  Elbram is not so much challenging the Forest Service's "failure to act" as it is challenging the Forest Service's failure to act *as Elbram wishes*.  The agency has acted and its action is interlocutory.  Because there is no final action for Elbram to challenge, his claims must be dismissed without prejuidice.

CONCLUSION

For the reasons detailed above, Defendant's Motion to Dismiss, Doc. 14, is GRANTED and this matter is DISMISSED WITHOUT PREJUDICE.

DATED:        September 19, 2013                BY THE COURT:

                                                ***s/John L. Kane***
                                                John L. Kane, U.S. Senior District Judge